Below is an opinion of the court.

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Jeffrey Lynn Hoffmann,<br><br>                          Debtor. | Case No. 21-60794-tmr13 |
| Jeffrey Lynn Hoffmann,<br><br>                          Plaintiff,<br><br>   v.<br><br>West Coast Servicing, Inc.,<br><br>                        Defendant. | Adv. Proc. No. 21-6041-tmr<br><br><br>MEMORANDUM DECISION ON DEFENDANT'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT[1] |

**Introduction:**

This memorandum delivers the court's ruling on Defendant West Coast Servicing, Inc.'s (West Coast) Motions to Dismiss and for Summary Judgment filed in this adversary proceeding. ECF No. 34. West Coast moves for an order dismissing Plaintiff Jeffrey Lynn Hoffmann's First

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.

Page 1 of 11 – MEMORANDUM DECISION ON DEFENDANT'S MOTIONS

Amended Complaint with prejudice for failure to state a claim, and for summary judgment. Mr. Hoffmann opposes West Coast's motions and requests an order denying both motions. *See* ECF No. 38, Plaintiff's Response in Opposition to Defendant's Motions to Dismiss and for Summary Judgment. After hearing oral argument, and reviewing the pleadings, the record, and applicable caselaw, I will deny the Motion for Summary Judgment, but I will grant the Motion to Dismiss without an opportunity to amend.

**Procedural Background:**

The case arises from Mr. Hoffmann's claims against West Coast regarding its alleged misconduct relating to servicing of Mr. Hoffmann's second mortgage on his home. *See* ECF Nos. 1 and 14. West Coast is the purported servicer of the second mortgage. *See* ECF No. 14, page 2. Mr. Hoffmann filed a Complaint in this adversary proceeding against West Coast and raised four claims for relief. ECF No. 1. He alleged that West Coast's conduct violated the Oregon Unlawful Trade Practices Act, the Real Estate Settlement Procedures Act (RESPA), and the Fair Debt Collection Practices Act (FDCPA); and further objected to West Coast's Proof of Claim No. 4-1, in the amount of $201,839.12, and requested that the claim be reduced in amount. ECF No. 1.

An initial pretrial conference was held, and the parties requested a judicial settlement conference. *See* ECF No. 7. The parties agreed that if the settlement conference was unsuccessful, Mr. Hoffmann would have time to file an amended complaint. *See* ECF No. 7. The judicial settlement conference was unsuccessful, and Mr. Hoffmann filed his First Amended Complaint. ECF No. 14. Again, Mr. Hoffmann raised the same four claims included in his original Complaint.

In response to the First Amended Complaint, West Coast filed its Answer effectively denying all claims, asserting numerous affirmative defenses, and requesting dismissal with prejudice. ECF No. 15. After discussions about discovery and scheduling, West Coast filed its Motions to Dismiss and for Summary Judgment under Federal Rules of Bankruptcy Procedure (FRBP) 7012(b)(b) and 7056, respectively. *See* ECF No. 34. Mr. Hoffmann, after receiving an

extension of time to respond to the motions, filed his Response in Opposition to Defendant's Motions. ECF No. 38. In Mr. Hoffmann's Response, he concedes his First, Third, and Fourth Claims in his First Amended Complaint, stating that "[t]o save costs and time in litigating his case, Hoffmann, as part of his litigation strategy, decided that he would no longer pursue those claims." ECF No. 38, page 5. Mr. Hoffmann continues to pursue Claim Two, the RESPA claim.

The parties requested, and the court heard, oral arguments on the motions. *See* ECF No. 48. During that hearing, Mr. Hoffmann's counsel indicated that he had no objection to dismissing with prejudice Claims One, Three, and Four in the First Amended Complaint. The three claims will be dismissed with prejudice as conceded. After argument, the parties requested time to continue to discuss resolution of the final claim: West Coast's alleged violation of RESPA. This court deferred entry of a ruling on the motions at that time to allow for continued discussions. After continued discussions, the parties indicated they have been unable to reach a resolution and requested I rule on the motions. The matter is ripe for ruling.

**Alleged Facts:**

The motions at issue relate to Mr. Hoffmann's second mortgage on his home located at 34092 Adler Lane, Creswell, Oregon. ECF No. 14 & Ex A. The subject mortgage was held by Countrywide Mortgage, starting in or around 2006. ECF No. 14, page 2. West Coast acquired the promissory note and began servicing the loan in 2020. ECF No. 14, page 2 & ECF No. 34, Ex 2, page 39. Mr. Hoffmann argues that once West Coast began servicing the loan it alleged he was in default on the loan. ECF No. 14, page 2. Mr. Hoffmann further alleges that West Coast commenced a foreclosure proceeding against Mr. Hoffmann's home, and it "demanded payment of the interest that was waived by the prior holder(s) of the promissory note, and further demanded late fees that are not allowed by law." ECF No. 14, page 3.

Mr. Hoffmann alleges he received no mortgage statements "[f]rom approximately 2006 until 2020, and that "the holder of the note waived all interest accrual and did not charge interest to the loan." ECF No. 14, page 2. Mr. Hoffmann alleges that on or about October 30, 2020, he, through counsel, "disputed the accuracy of the loan history and pursuant to 12 U.S.C. § 2605,

requested a loan history from Defendants [sic]." ECF No. 14, page 2. Mr. Hoffmann states that in a letter dated November 19, 2020, West Coast responded to Plaintiff's request with a letter that stated the loan history had "already been provided to [Plaintiff] through the online mediation portal." ECF No. 14, page 2. Mr. Hoffmann argues that the November 2020 letter, "did not specify what documents made up the loan history and failed to provide a history of the loan." ECF No. 14, page 3.

In a second letter, dated January 21, 2021, West Coast attached copies of servicing statements beginning in January 2020 through May 2020, originating from its immediate predecessor, SN Servicing, and copies of its own servicing statements from June 2020 until December 2020. ECF No. 14, page 3. Mr. Hoffmann alleges that the statements from June 2020 until December 2020 show late fees were being assessed during this period and have accumulated a balance of $5,082.39 through December 2020. ECF No. 14, page 3. He alleges that West Coast failed to provide additional statements or records regarding servicing of his loan prior to January 2020 and failed to provide a loan history that covers the period from 2006 and 2020. ECF No. 14, page 3.

**Legal Standards:**

    **A. Motion for Summary Judgment**

On a motion for summary judgment, the moving party has the burden to show there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Federal Rules of Civil Procedure (FRCP) 56(a) (made applicable by FRBP 7056). Material facts are such facts as may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 514 (9th Cir. 2010) (quoting *Anderson*, 477 U.S. at 248).

All reasonable doubts as to the existence of genuine disputes as to material facts should be resolved against the moving party, *Crosswhite v. Jumpking, Inc.*, 411 F. Supp. 2d 1228, 1230 (D. Or. 2006), and all rational or reasonable inferences drawn from the underlying facts must be

Page 4 of 11 – MEMORANDUM DECISION ON DEFENDANT'S MOTIONS

viewed in the light most favorable to the nonmoving party. *T.W. Elec. Serv., Inc., v. Pac. Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir.1987).

    **B. Motion to Dismiss**

A party may move to dismiss a claim under FRCP 12(b)(6), made applicable to adversary proceedings in FRBP 7012(b). Pursuant to FRCP 12(b)(6), a complaint will be dismissed for "failure to state a claim upon which relief can be granted." FRCP 8(a)(2), made applicable by FRBP 7008, requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The complaint need not contain "detailed factual allegations," but it must contain more than labels and conclusions, or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.… Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Taylor v. U.S. Dep't of Justice (In re Taylor)*, No. 98-38409, EC-11-1512-MkHKi, 2012 WL 1957984, at *2 (9th Cir. BAP May 31, 2012) (unpublished) (citing *Ashcroft*, 556 U.S. 662 (2009)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft*, 556 U.S. at 678-79 (internal citations omitted).

In ruling on a 12(b)(6) motion, the court must accept as true "all well-pleaded allegations contained in the [complaint], but … need not accept as true 'conclusory statements, statements of law, or unwarranted inferences cast as factual allegations.'" *Taylor*, at *2 (unpublished) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)). The court must also draw all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Lastly, even if the court grants the motion and dismisses the claim at issue as to Mr. Hoffmann, the court must decide whether to grant leave to amend. Leave to amend should be granted unless the court finds the complaint cannot possibly be cured by the allegation of other facts. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir.1995); *see also* FRCP 15(a) ("leave [to amend] is to be freely given when justice so requires"). Leave to amend, however, does not need to be granted if further amendment would be futile. *See Subramaniam v. Beal*, No. 3:12-cv-01681-MO, 2013 WL 5462339, at *7 (D.Or. Sept. 27, 2013) (amendment left to court's discretion).

**Analysis:**

In this case, West Coast argues that it is entitled to summary judgment on the RESPA claim because: 1) Plaintiff cannot establish either actual or statutory damages under RESPA, (*see* 12 U.S.C. § 2605(f)), and 2) Plaintiff's inquiries were not related to servicing, and therefore are not a qualified written request (QWR) that trigger a servicer's duty to respond. *See* ECF No. 34, pages 7-13. West Coast further argues that the RESPA claim must be dismissed, because the pleadings do not state a claim for any RESPA violations or provide any support for actual or statutory damages under RESPA. *See* ECF No. 46, page 3.

  **A. Damages**

RESPA allows a party to seek damages against mortgage-loan servicers for failing to respond to certain borrower inquiries. Under 12 U.S.C. § 2605(e)(1)(A), if a servicer receives a QWR from a borrower relating to servicing of that loan, the servicer is required to respond. If a servicer fails to properly respond to a QWR, the statute entitles a borrower to recover actual damages. 12 U.S.C. § 2605(f)(1)(A). A borrower may additionally be entitled to statutory damages not to exceed $2,000 if there is a "pattern or practice of noncompliance." 12 U.S.C. § 2605(f)(1)(B).

RESPA defines a QWR as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that -- (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a

statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). A servicer must respond to a QWR if it requests information "relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A). RESPA "does not require any magic language before a servicer must construe a written communication from a borrower as a QWR and respond accordingly." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012), (citing *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 687 (7th Cir. 2011) (internal citations omitted)).

As an initial matter, West Coast argues that dismissal of Mr. Hoffmann's RESPA claim is appropriate because he cannot establish either actual or statutory damages under RESPA. *See* ECF No. 34, page 7. Specifically, West Coast argues that neither attorney's fees nor time are "actual damages" under § 2605(f)(1)(A), and that Mr. Hoffmann fails to tie each of the purported damages to the alleged RESPA violations. ECF No. 34, page 9.

In Mr. Hoffmann's First Amended Complaint he alleges in Claim Two that he is "entitled to damages in the amount of $50,000, punitive damages, and attorney fees pursuant to 12 U.S.C. § 2605(f)." ECF No. 14, page 6. In support of his claim, Mr. Hoffmann argues that West Coast's failure to correct the accounting and providing only a partial loan history violated 12 U.S.C. § 2605. ECF No. 14, page 6. Additionally, he argues that West Coast continues to violate 12 U.S.C. § 2605 by failing to turn over loan history information from 2014 and 2020, which remains an "ongoing violation." ECF No. 14, page 6. Mr. Hoffmann's Declaration in Support (ECF No. 38), however, fails to describe any damages other than requiring him to hire an attorney to pursue his rights.

RESPA's damage provisions provide: "Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: ... (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." 12 U.S.C. § 2605(f)(1). "Thus, RESPA

requires that plaintiffs establish that any RESPA violation resulted in actual damages…. [S]tatutory damages are allowed as additional damages to the actual damages, and only upon the finding of a pattern or practice of noncompliance." *Schwartz v. Christiana Trust*, No. 3:15-cv-02075-PK, 2016 WL 3512441, at *6 (D. Or. June 2, 2016) (citing *Lettenmaier v. Fed. Home Loan Mortg. Corp.*, No. CV-11-156-HZ, 2011 WL 3476648, at *12 (D. Or. Aug. 8, 2011) (internal citations omitted)).

As currently pleaded, I find Mr. Hoffmann has not properly alleged any actual damages under RESPA. He summarily asserts that he is entitled to damages in the amount of $50,000, but he fails to detail any basis for the claimed damages or to explain whether these are actual or statutory damages. "A well-pleaded complaint under RESPA must contain allegations of actual damages stemming from the conduct of the defendant." *Hopper v. Nationstar Mortg., LLC*, No. 6:16-cv-00884-AA, 2016 WL 5339577, at *3 (D. Or. Sept. 20, 2016) (citing *Medrano*, 704 F.3d at 665 and *Lettenmaier*, 2011 WL 3476648, at *12); *Lal v. Am. Home Serv., Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010). Mr. Hoffmann fails to allege any details about what actual damages he has incurred, and how these damages arose from conduct of West Coast. Additionally, Mr. Hoffmann fails to allege why he is entitled to statutory damages and instead makes the conclusory statement that West Coast's failure to turn over portions of the loan "remans an ongoing violation" of 12 U.S.C. § 2605. ECF No. 14, page 6. Such conclusory statements are not sufficient to plead a pattern or practice of noncompliance as required by 12 U.S.C. § 2605 for pleading statutory damages. *See Lal*, 680 F. Supp. 2d at 1223 (Claiming a pattern of noncompliance without stating facts to support such legal conclusion was insufficient to plead statutory damages.)

West Coast argues that attorney's fees are not "actual damages" under 12 U.S.C. § 2605(f)(1)(A). That argument is well-taken. In a separate provision, RESPA provides that a party who fails to comply is liable to the borrower for "the costs of the action, together with any attorneys fees incurred in connection with such action." 12 U.S.C. § 2605(f)(3). Further, courts have held that RESPA's actual damages are limited to pecuniary damages. *See Zeich v. Select*

*Portfolio Serv., Inc.*, No. 6:15-CV-01005-AA, 2015 WL 10353128, at *2 (D. Or. Oct 30, 2015) (citing *Subramaniam*, 2013 WL 5462339, at *7). I find Mr. Hoffmann's request for attorney's fees does not satisfy the requirement to plead actual damages.

Overall, Mr. Hoffmann's summary argument that he is entitled to $50,000 in damages does not sufficiently state a claim under 12 U.S.C. § 2605 and is insufficient under the Rule 12(b)(6) pleading standards. Additionally, if Mr. Hoffmann intended his statements in the background section of his First Amended Complaint to provide factual support for his actual damages and statutory damages claims, this is not sufficient. *See Lettenmaier*, 2011 WL 3476648, at *13 (Allegations regarding actual damages pled in the background section of Plaintiff's Complaint were not sufficient to allege the required actual damages requirements under 12 § U.S.C. 2605.) For these reasons, I find Mr. Hoffmann has not properly alleged either actual or statutory damages necessary to state a claim under RESPA.

### B. Qualified Written Request

West Coast argues that it is entitled to summary judgment on Mr. Hoffmann's RESPA claim, because his inquiries were not related to servicing and therefore were not a QWR that triggered a servicer's duty to respond. *See* ECF No. 34, page 12. Additionally, West Coast argues that on August 27, 2020, it provided a loan payment and transaction history to Mr. Hoffmann via an electronic portal. ECF No. 34, page 4, citing Declaration of Amber Labrecque, paragraph 3. West Coast further notes that its counsel advised Mr. Hoffmann's counsel that the requested information was previously provided, when it received the October 30, 2020, letter. ECF No. 34, page 4, citing Declaration of Amber Labrecque, paragraph 4. Essentially, West Coast argues that it responded to Mr. Hoffmann's request for information, and therefore did not violate RESPA. In opposition, Mr. Hoffmann alleges that West Coast has failed to provide the information he requested.

**Summary Judgment Denied:**

West Coast is not entitled to summary judgment on Mr. Hoffmann's RESPA claim. Whether Mr. Hoffmann sent a QWR, and whether West Coast appropriately responded is a

genuine issue of material fact. Mr. Hoffmann alleges that West Coast has failed to provide the information that he requested, while West Coast through its motion and the declaration of attorney Amber Labrecque allege that the information requested in Mr. Hoffmann's letters has been provided. *See* ECF No. 14; ECF No. 34. West Coast further argues that Mr. Hoffmann's RESPA claim fails as a matter of law, because Mr. Hoffmann's "allegation of failing to turn over portions of the loan history going back to 2014 does not constitute a violation, even it if were true." ECF No. 34, page 12.

Construing the evidence in the light most favorable to the nonmoving party, there is a genuine issue of material fact whether Mr. Hoffmann sent a QWR, and if so, whether West Coast appropriately responded as required by RESPA. I am also not prepared to rule as a matter of law that the allegations surrounding the loan history is not a RESPA violation. Again, I find this is a disputed genuine issue of material fact. For these reasons, the West Coast Motion for Summary Judgment must be denied with respect to Mr. Hoffmann's RESPA complaint.

**Motion to Dismiss Granted:**

Mr. Hoffmann has conceded Claims One, Three, and Four, and those claims must be dismissed with prejudice. With respect to Claim Two, the allegations in the Complaint fail to allege or even describe any actual or statutory damages that could result from a RESPA violation. Mr. Hoffmann filed his complaint in December 2021, and he has had time to identify his damages. He has already filed one amended complaint which failed to detail any damages. Even in his response to these motions, he has failed to identify any actual damages or a pattern or practice that would lead to statutory damages. *See* ECF No. 38, Declaration of Jeff L. Hoffman [sic]. For those reasons, I will dismiss with prejudice Claim Two in the complaint without giving Mr. Hoffmann a further opportunity to amend, because I find that the complaint cannot be fixed by further amendment and amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (sample reasons for preventing an opportunity to amend include undue delay, bad faith, dilatory motive, repeated failure to cure, undue prejudice, futility).

**Conclusion:**

For the reasons described in this memorandum, I will deny West Coast's Motion for Summary Judgment, but I will grant its Motion to Dismiss on all claims in the Complaint. The dismissal will resolve all claims in this adversary which can be concluded and closed. These are my findings of fact and conclusions of law. I will enter a separate order consistent with this decision.

###